McKinney, J.,
delivered the opinion of the Court.
This was an action on the case, to recover damages for the loss of a slave, the property of the plaintiff, hired to the defendant for the year 1856, and who died during the year. Yerdict and judgment were for the defendant.
*369 The declaration contains counts both in trover and case. The slave was hired out at public auction by one Yalentine, who was then the regular guardian of the plaintiff, a minor, but who ceased to be guardian before the institution of this suit.
The contract of hiring is admitted on all hands to have been special; but there is a disagreement in the testimony as to the extent of the restrictions imposed on the hirer. The auctioneer states that the terms proclaimed were, that the slave was “not to work on railroads, mills, rivers, boats, or public works.” But there is testimony going to show, that while the bidding was progressing, the defendant stated that he desired to hire the slave, but the terms precluded him. Yalentine then inquired of him what he wanted the negro to do; and the defendant replied that he was about to build a new mill, and he wanted the boy to work part of the time on the mill, part in getting timber, and part on the farm; and Yalentine then told him to bid on. There is other testimony in conflict with this, and tending also to establish that the boy was not to work in mud or water.
The ground of the action is, that the slave was put to digging a mill-race and foundation for the mill, in doing which he was exposed to standing in mud and water, whereby his sickness and death were caused.
Eor the purpose of presenting the questions submitted ’ for our determination, it is not necessary that we should do more than state this mere outline of the proof. -
The first error assigned is, the admission of the statements of Yalentine, the former guardian, made long-after the hiring, and after the death of the slave, to- *370 the effect that it was useless for the plaintiff to sue for the loss of the slave, that she could not recover, for he had hired the slave to defendant to work at the mill.
In admitting this evidence, the Court erred. Eirst, because it was mere hearsay evidence. If admissible, Valentine, Avho was not a party on record, must have been called as a witness. But the evidence was inadmissible, in the second place, on the principle, that the admission by a guardian, though the plaintiff, or a party on record, is not evidence against the infant. 2 Stark. Ev., (ed. of 1828,) p. 40, and cases cited in note o.
The other errors relied on are in the charge of the Court. In expounding the contract, the Court stated to the jury, that “ if the contract was, that he (defendant) might work the negro in building a mill, he had a right to put him at any work necessary and proper for the construction of the mill.” We are unable to assent to the correctness of this proposition. To work at digging a race, which, in some cases, might require the blasting of rock, and standing in water, is not properly embraced by a contract to work on or at the mill. The race-, though “necessary” to the mill, is distinct from it, and might demand exposure to extra hazardous employment.
Again, the Court further said to the jury, that “if the negro went into the mud and water of his own accord, against the orders of the defendant, and when it was not necessary for him to do so in order to perform the labor at which he was put, this being voluntary on the part of the slave — he being a reasonable creature — would not make the defendant liable for his loss.”
*371 This would be correct, perhaps, if the slave thus exposed himself -without the knowledge of the defendant. But if the defendant had knowledge thereof, the fact that the slave exposed himself voluntarily, without necessity, and against orders, would he no excuse for the defendant. The latter having power to control the slave, was bound to restrain him from wilful exposure by the obligations which the law imposed bn him.
The error seems to be in attributing to a slave that freedom of will and power of self-determination which belong, only, to a freeman..
The Court likewise stated to the jury, in substance, that if the slave was diseased at the time, of the hiring, and Scott was not informed of it,. and worked the slave in such a way as he had hired him to work, and in a reasonable manner, and the slave became sick and died of his original disease, the defendant would not be liable.
This position, we think, is not quite accurate. If the slave were in fact diseased at the time of the contract, and this fact was not communicated to the defendant, either from fraud, or ignorance of its existence, it would have clearly entitled the defendant, upon coming to a knowledge of the fact, to have abandoned his contract, and to have returned the slave; but he would not have been justified in requiring the slave to perform a kind or amount of labor for which he had not the physical capacity, and which, of necessity, must destroy his life more speedily.
Without noticing other matters in the case, the judgment must be reversed on the grounds before stated.